UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

WILLIE G. MAFFETT,            )
                              )
        Petitioner,           )
                              )
        v.                    )     No. 3:08-CV-388
                              )
SUPERINTENDENT, MIAMI         )
CORRECTIONAL FACILITY,        )
                              )
        Respondent.           )

**OPINION AND ORDER**

Petitioner Willie Maffett submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 dealing with loss of earned credit time in a prison disciplinary hearing. The Respondent has filed a response to the order to show cause and the administrative record. The Petitioner has filed a traverse and a motion for summary judgment. For the reasons set forth below, the Court **DENIES** this petition and the motion for summary judgment, and the Clerk is **ORDERED** to **DISMISS** the petition.

BACKGROUND

On May 11, 2008, Correctional Officer Lonnie Land wrote a conduct report at the Wabash Valley Correctional Facility charging the Petitioner with committing battery on another person without a weapon or inflicting serious injury (fighting). On May 22, 2008, a disciplinary hearing board ("DHB") at the Miami Correctional Facility found the Petitioner guilty of the charge against him, imposed a loss of sixty days of earned credit time, and sentenced

him to time served in segregation. The petitioner appealed unsuccessfully to the Superintendent and the final reviewing authority.

DISCUSSION

The conduct report written by Officer Land stated that:

> On 5-11-2008 at approx 0850 AM I C/O Land, L and C/O Ellington J did respond to a disturbance in the 200 Range rest room. When I C/O Land, L and C/O Ellington arrived I C/O Land L observed offender Maffett, Willie 856883 an (sic) offender Blythe, Steven 116155 squareing (sic) off screaming at each other. Offender Maffett, Willie 856883 did have a closed fist and offender Blythe Steven 116155 was bleeding from his upper right eye and bleeding from the back of his head. At that time I C/O Land, L placed mechanical restraints on offender Maffett, Willie 856883 and escorted J3 to R & R.

(DE 17-2, Ex. A).

Correctional Officer John Ellington wrote a separate report in which he stated that:

> On 5-11-08 at approx 0850 I – C/O Ellington along with C/O Lonnie Land did hear a disturbance coming From the 200 range bey 11 across From The bathroom. A group of J3 were yelling at each other but they all dispersed when we approached C/O Land and Myself Then went back To the officer desk. (About 5 minutes Later) another disturbance occurred (in the same area). When C/O Land and myself arrived on the scene offender Maffett Willie DOC 856883 and offender Blythe, Steven DOC 116155 were squared off to fight. Offender Blythe was bleeding from his right eye, C/O Land then put Mechanical restraints on offender Maffett. I took offender Blythe to a sink to wash the blood off his face, then placed him in mechanical restraints. Both offender were then escorted to R&R by C/O Land and Myself.

(DE 17-3, Ex. B).

Maffett argued at the disciplinary hearing that he and Blythe were verbally arguing when the officers came on the scene, but that he and Blythe had not engaged in a physical fight and that he did not hit Blythe. The board accepted the statements of Officers Land and Ellington that Maffett and Blythe were squared off to fight when they arrived on the scene, that Maffett had a closed fist, and that Blythe was already bleeding, which supports the proposition that Maffett had hit Blythe before the officers arrived.

Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action, *Wolff v. McDonnell*, 418 U.S. 539 (1974), and "some evidence" to support the decision of the prison disciplinary board." *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985).

The petitioner presents four grounds in his petition for writ of habeas corpus. He alleges that Officers Land and Ellington violated Indiana Department of Correction ("IDOC") policy; that their reports were conflicting and vague, and were insufficient to

advise him of the charge against him or to support a finding of guilt; that prison officials did not obtain two inmate witness statements for him; and that they did not properly document that two inmate witnesses he requested had been released from custody. In his motion for summary judgment, Maffett addresses his claims that officials violated his rights by not conducting an investigation and securing witness statements, his claim that the board relied on "vague reports and insufficient evidence" to find him guilty, and a claim the sanctions were not approved by the Superintendent as required by IDOC policy.[1] (DE 14-2, p. 1).

> In ground one of his petition, Maffett asserts that the
>
> Reporting Employee(s) violated policy and due process when they failed to conduct an investigation and obtain my witness statements at the time of incident as requested. (Statements of Lunsford & Dupree) To support my defense to their reports.

(Petition at p. 4).

According to Maffett, under IDOC policy there should have been an investigation at the time the conduct report was written, and the "failure to conduct an investigation and obtain witness statements – constitutes due process violations and error." (*Id.*). But an alleged violation of IDOC policy does not state a claim upon which relief can be granted in a habeas corpus proceeding.

---

[1] The Court will not address the Petitioner's claim that the facility superintendent did not formally approve the sanction because he does not raise that claim in his habeas corpus petition or in his institutional appeal to the superintendent. (DE 17-10, Exhibit I).

4

Section 2254(a) provides that federal courts shall entertain an application for writ of habeas corpus in behalf of a person in state custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Relief in this action is only available from violation of the federal Constitution or laws. *Estelle v. McGuire*, 502 U.S. 62 (1991). State law questions do not state a claim for habeas relief. *Kraushaar v. Flanigan,* 45 F.3d. 1040 (7th Cir. 1995), and violations of prison disciplinary policies do not state a claim for federal habeas relief. *Hester v. McBride*, 966 F.Supp. 765, 774-75 (N.D.Ind. 1997).

The due process procedures set forth in *Wolff v. McDonnell* do not require that prison officials conduct an investigation before writing a conduct report or that they collect evidence beyond that necessary to write a conduct report.

> *Baxter v. Palmigiano*, 425 U.S. 308 (1976), warns the courts of appeals not to add to the procedures required by *Wolff*, which, *Baxter* held, represents a balance of interests that should not be further adjusted in favor of prisoners. Indiana has played by the rules articulated in *Wolff*.

*White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001).

In ground two, the Petitioner asserts that the "[r]eporting Employee(s) written reports are 'conflicting' and also 'vague' [as] to facts. Implicating (2) different disturbances at the same time @ 8:50 a.m. in (2) different locations. (Please Read Reports Thoroughly)." (Petition at p. 4).

5

Due process requires that prison officials give a prisoner advance written notice of the charges against him. *Wolff v. McDonnell*, 418 U.S. at 565. The purpose of the notice requirement is to inform the prisoner of the factual circumstances supporting the charge against him and provide him a chance to prepare a defense. *Id.* at 564-65. Both the conduct report and the supporting statement by Officer Ellington state that the officers observed Maffett and an inmate named Blythe squaring off and screaming at each other, that Maffett had a closed fist, and that Blythe was already bleeding from his upper right eye and from the back of his head. These statements are adequate to advise Maffett of the particulars of the charge against him and allow him to formulate a defense.

The Petitioner also assets in ground two that he and Blythe were only arguing and that they "never physically engaged in an altercation Reporting employee(s) only assumed we were fighting and attempted in its reports to look as if I & Blythe [had been] fighting." (Petition at p. 5). Maffett presented this version of events at the DHB hearing in his defense. (DE 17-9, Ex. H). In his motion for summary judgment and in his traverse, Maffett argues that the DHB violated his due process rights by basing "its guilty findings on vague reports and insufficient evidence." [DE 19-3, Ex. B at p. 1).

6

The amount of evidence needed to support a finding of guilt in prison disciplinary hearings is very modest; there need only be "some evidence" to support the decision of the prison disciplinary board." *Superintendent v. Hill*, 472 U.S. at 455. This standard "does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Id.* at 457. A reviewing court must uphold a finding of guilt if "there is any evidence in the record that could support the conclusion reached" by the board. *Id*. at 457. In the appropriate circumstances, the conduct report alone may be sufficient evidence to support a finding of guilt. *See McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

In its report of disciplinary hearing the DHB relied on the statements of Officers Land and Ellington to find the Petitioner guilty. (DE 17-9, Ex. H). According to the officers' statements, when they arrived at the scene of the disturbance it appeared that Maffett and Blythe had been fighting and that Blythe had been injured. At the hearing, Maffett denied having hit Blythe and presented his own version of events.

The DHB might have credited Maffett's version of events and found him not guilty. But instead, the board chose not to believe his statement. Instead, the DHB accepted the version of events contained in the correctional officers' statements. Under the "some evidence" standard, these statements, which contained the direct

7

observations of the officers, are sufficient to support a finding that Blythe and Maffett had been fighting before the officers arrived on the scene. *Superintendent v. Hill*, 472 U.S. at 455-6 (holding that an a inmate was one of three inmates seen fleeing from the scene of an assault on a fourth inmate constituted sufficient to support a finding that he was involved in the assault); *See also Hamilton v. O'Leary*, 976 F.2d 341 (7th Cir. 1992) (holding that an inmate constructively possessed a weapon found in his cell that he shared with three other inmates). Federal Courts do not second guess determinations of credibility by conducting an independent assessment of witness credibility or reweighing the evidence. *Superintendent v. Hill,* 472 U.S. at 455-56.

In ground three of his petition, Maffett asserts that "Wabash Valley Corr. Facility Reporting Officers, MCF's Screening Officer & Administrators, and DHB Chairman - Never Made A Diligent Effort to Secure Witness statements from Offenders Lunsford & Dupree (At No time)." (Petition at p. 5). In ground four, he asserts that there was "no written verification of fax/e-mail to secure witness statements (not found in files - per counselor Beard, See attached request for interview Exhibit #2). No confirmation of releases of both offenders (Lunsford and Dupree) for the date 5/15/08." (*Id.).*

Among the basic requirements of due process in a prison disciplinary proceeding is the opportunity for an inmate to call

witnesses and present documentary evidence in his defense. *Wolff v. McDonnell*, 418 U.S. 539 (1974). However, the opportunity to present evidence is not absolute, and if the two inmates from whom Maffett sought statements had been released from custody, prison officials' inability to obtain their statements did not violate his due process rights

The incident involving Blythe and Maffett occurred at the Wabash Valley Correctional Facility. Shortly thereafter, the Petitioner was transferred to the Miami Correctional Facility where the DHB hearing was held. (DE 17, Exhibits A, B & L). When the Petitioner was screened, he was given the opportunity to request witnesses and evidence (DE 17-4, Exhibit C). Maffett requested a statement from Blythe, who wrote a witness statement stating, "I can not say anything that can Help Him" (DE 17-6, Exhibit E). Maffett also requested statements from inmates Lundsford and Dupree. (DE 17-4, Exhibit C). But when the screening officer from Miami Correctional Facility called the Wabash Correctional facility to obtain these statements, she was informed that the two inmates were no longer at Wabash Valley, and documented on the screening report that she was told they were "released both on 5-15-08 spoke w/ Wabash on 5-21-08." (*Id*).

In his traverse, the Petitioner asserts that there is no written proof that Miami Correctional officials contacted Wabash Valley officials "their claims of contacting the Wabash Valley

9

Correctional Facility for my witness statements are **'Only Hearsay.'**" (DE 19-2, Exhibit A) (Emphasis in Original). But prison disciplinary hearings are not actions in a court of law, and nothing in *Wolff v. McDonnell* precludes the use of hearsay for this purpose. *Jackson v. Carlson*, 707 F.2d 943, 948 (7th Cir. 1983). (upholding a DHB's finding of guilt where "the Institution Discipline Committee had direct evidence from a staff source, albeit presented in the form of hearsay.").

The record here sufficiently establishes that the Miami Correctional Facility Screening Officer attempted to obtain the requested witness statements for the Petitioner but was unable to do so because Lundsford and Dupree had been released. The screening officer and the DHB documented the unsuccessful attempt to obtain his witness statements from these inmates. Nothing in this process violated the Petitioner's Fourteenth Amendment due process rights.

CONCLUSION

For the foregoing reasons, the Court **DENIES** the Petitioner's motion for summary judgment (DE 14) and **DENIES** this petition.

**DATED: July 16, 2009**         /S/RUDY LOZANO, Judge
                                 **United States District Court**